UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROGER G. ULRICH,

          Petitioner,

v.

MICHAEL OBENLAND,

          Respondent.

Case No. C20-629-JCC-MLP

REPORT AND RECOMMENDATION

### I.    INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Roger Ulrich is a Washington State prisoner and he has presented to this Court for consideration a document he identifies as an "Emergency Interlocutory Appeal Pursuant to the Death Knell Doctrine, Emergency Habeas Corpus 28 U.S.C. § 2254." (*See* Dkt. # 3.) Petitioner indicates in his submission that he is seeking immediate release from confinement because of the COVID-19 pandemic, and he appears to assert that § 2254, the Death Knell Doctrine, the Interlocutory Appeals Act, and the Eighth Amendment provide a basis for the requested relief. (*See id.* at 1-2.) This Court, having reviewed the petition, recommends that this action be dismissed. *See Lonchar v. Thomas*, 517 U.S. 314, 320 (1996) (district court may

summarily dismiss a habeas petition if it appears from the face of the petition that the petitioner is not entitled to relief) (citing Habeas Corpus Rule 4).

## II. DISCUSSION

Petitioner indicates in his petition that he is currently confined pursuant to a state court judgment entered in an unspecified court, for an unspecified offense, in September 2018.[1] (Dkt. # 3 at 3.) According to Petitioner, he has served 19 months of a 50-month sentence, and his earliest possible release date is November 24, 2020. (*Id.*) Petitioner states that he is currently 28 years old and has health issues that put him at an increased risk of death while incarcerated during the COVID-19 pandemic. (*Id.*) Specifically, Petitioner asserts that he currently has Hepatitis C which has damaged his liver and weakened his immune system. (*Id.*)

Petitioner argues in his petition that being incarcerated in the Washington Department of Corrections at this time, where he is forced to be in close proximity to hundreds of other individuals who could potentially spread the virus, constitutes cruel and unusual punishment. (*Id.* at 2.) He further argues that his equal protection rights have been violated by the decision of Washington Governor Jay Inslee to release some inmates and not others. (*See id.*) Petitioner asks this Court to consider his specific circumstances and determine if his constitutional rights are being violated by his continued incarceration. (*Id.*)

Because petitioner is currently in custody pursuant to the judgment of a state court, any challenge to the constitutionality of his current confinement must be brought under 28 U.S.C. § 2254. *See White v. Lambert*, 370 F.3d 1002, 1007 (9th Cir. 2004) (Section 2254 is the exclusive avenue for a state prisoner to challenge the constitutionality of his detention when the prisoner is

---

[1] Petitioner asserts that the nature of his crime "is immaterial to the Court's analysis because it would require the Court to weigh the value of my life against a hypothetical risk to society posed by granting me the inevitable release I am entitled to, albeit somewhat sooner." (Dkt. # 3 at 3.)

in custody pursuant to a state court judgment.² A state prisoner is required to exhaust all state court remedies before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1). The exhaustion requirement is a matter of comity, intended to afford the state courts "an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citations omitted). In order to provide the state courts with the requisite "opportunity" to consider his federal claims, a prisoner must "fairly present" his claims to each appropriate state court for review, including a state supreme court with powers of discretionary review. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing *Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).

Petitioner does not indicate in his petition whether he has exhausted his claims in the state courts, but the manner in which Petitioner presents his claims to this Court suggests that he has bypassed the state courts in an attempt to expedite consideration of his request for release. This is not permissible under § 2254. Petitioner's failure to exhaust his state court remedies render his claims ineligible for federal habeas review.

### III.   CONCLUSION

For the foregoing reasons, this Court recommends that Petitioner's federal habeas petition, and this action, be dismissed without prejudice for failure to exhaust state court remedies. A petitioner seeking post-conviction relief under § 2254 may appeal a district court's

---

² Petitioner's reliance on the Death Knell Doctrine is misplaced as that doctrine concerns questions of appellate jurisdiction, *see Coopers & Lybrand v. Livesay*, 437 U.S. 463, 469-72 (1978), and this is an original action which currently has no underlying order to appeal. Petitioner's reference to the Interlocutory Appeals Act as additional authority to support his request for relief is similarly misplaced because, again, this is an original action filed in the United States District Court, it is not an appeal which, in any event, this Court would have no jurisdiction to consider.

REPORT AND RECOMMENDATION
PAGE - 3

dismissal of his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under the above standard, this Court concludes that Petitioner is not entitled to a certificate of appealability in this matter. This Court therefore recommends that a certificate of appealability be denied. A proposed order accompanies this Report and Recommendation.

### IV.    OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **July 31, 2020**.

DATED this 8th day of July, 2020.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 4