THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROGER G. ULRICH,<br><br>                    Petitioner,<br><br>        v.<br><br>MICHAEL OBENLAND,<br><br>                    Respondent. | CASE NO. C20-0629-JCC<br><br>ORDER |

This matter comes before the Court on Petitioner's objections (Dkt. No. 5) to the report and recommendation of the Honorable Michelle L. Peterson, United States Magistrate Judge (Dkt. No. 4). Petitioner seeks *habeas* relief from confinement pursuant to an unspecified state court judgment pursuant to 28 U.S.C. § 2254.[1] (*See* Dkt. No. 3 at 3.) Judge Peterson recommends that the Court dismiss Petitioner's *habeas* petition because he has not exhausted the remedies available to him in state court. (Dkt. No. 4 at 3). Petitioner objects, arguing that the recent Washington Supreme Court decision in *Colvin v. Inslee*, 2020 WL 4211571 (Wash. 2020), satisfies his exhaustion requirement. (Dkt. No. 5 at 2.)

A state prisoner is required to exhaust all available state court remedies before seeking a

---

[1] To the extent that Petitioner invokes the death knell doctrine or the Interlocutory Appeals Act, neither is relevant because this case is an original action with no underlying order to appeal. (*See* Dkt. No. 4 at 3 n.2) (citing *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 469-72 (1978)).

federal writ of *habeas corpus*. 28 U.S. C. § 2254(b)(1). To satisfy the exhaustion requirement, a petitioner must "fairly present" his claim in each appropriate state court, including the highest state court with powers of discretionary review, thereby giving those courts the opportunity to act on the claim. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). It is not enough that all the facts necessary to support a prisoner's federal claim were before the state courts or that a similar state law claim was made. *Anderson v. Harless*, 459 U.S. 4, 6 (1982). The habeas petitioner must have fairly presented to the state courts the substance of his federal *habeas corpus* claims. *Id.*

Here, Petitioner asserts that, in *Colvin*, his claims were "brought before the State's highest Court for a 'full and fair' opportunity to litigate the merits of the claim brought in the instant petition," thereby satisfying the exhaustion requirement. (Dkt. No. 5 at 2) (citing *Allen v. Attorney Gen*, 80 F.3d 569 (1st Cir. 1996)). But in *Colvin*, five named petitioners filed a writ of *mandamus* with the Washington Supreme Court, requesting that the court "force [the] Governor . . . and Department of Corrections Secretary . . . to reduce the prison population by ordering the immediate release of three categories of offenders." *Colvin v. Inslee*, 2020 WL 4211571, slip op. at 1 (Wash. 2020). The Washington Supreme Court dismissed the writ on the grounds that federal and state separation of powers doctrines precluded the court from exercising such authority. *Id.* at 6–8. The Washington Supreme Court noted the "serious danger" the petitioners were in but did not rule on their individual circumstances. *Id.* at 9. Thus, the claims in *Colvin* are different from those raised by Petitioner. (*See* Dkt. No. 3 at 2.) Further, Petitioner was not among the named parties in *Colvin* and it is unclear whether he was included in the action. *See generally id.* Because Petitioner has not "fairly presented" his claim for review before the appropriate state court, he has not exhausted all available state court remedies and his claims are ineligible for *habeas* review under § 2254. *See Baldwin*, 541 U.S. at 29.

Accordingly, the Court OVERRULES Petitioner's objections (Dkt. No. 5), APPROVES and ADOPTS Judge Peterson's report and recommendation (Dkt. No. 4), DISMISSES without prejudice Petitioner's *habeas* petition (Dkt. No. 3), and DENIES Petitioner a certificate of

1 | appealability.

2 | DATED this 18th day of August 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C20-0629-JCC
PAGE - 3